IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED STATES FIDELITY AND GUARANTY COMPANY,**

        Plaintiff,

v.                                                    No. CIV 08-1111 BB/LFG

**QUIKDRAW ENGINEERING, L.L.C., DAVID RICK ARMIJO,** as personal representative of the Estate of Elizabeth J. Salazar, Deceased, and as Next Friend of Andrea Armijo and Andre Armijo, Minors, and **FRANCINE SALAZAR,**

        Defendants.

## MEMORANDUM OPINION SUPPORTING
## ORDER DENYING MOTION TO DISMISS OR STAY

THIS MATTER is before the Court on the *Motion of Francine Salazar to Dismiss or in the Alternative Motion to Stay,* and the Court having reviewed the submissions of counsel, finds the better legal authority requires the *Motion* be DENIED.

*Discussion*

*Facts*

Defendant, Francine Salazar, moved to dismiss or stay this declaratory judgment action on insurance coverage because there is a personal injury/wrongful death lawsuit pending in the state district court against QuikDraw which is potentially insured by the

Plaintiff at bar, the United States Fidelity and Guaranty Company.  Ms. Salazar also argues that she may wish to file her own declaratory judgment action regarding insurance coverage in the state court.

The state case arises out of a vehicle accident which occurred at Blake and Gibson SW in Albuquerque in October 2005.  On the date of the accident, certain developers and construction companies were in the process of constructing a subdivision near the site of the accident.  The Estate of Elizabeth Salazar, and later Francine Salazar, sued several contractors for their role in leaving the area of the intersection in disrepair.  The state plaintiffs allege QuikDraw Engineering failed to discover or report that a stop sign was missing at that intersection.  A default judgment was entered against QuikDraw but no judgment as to damages has been entered.  (It's principal, Lyle Losack, died in March 2008.) Substantial discovery was then conducted and apparently all of the other state defendants have settled.

In August 2008, the state plaintiffs first sent notice to a local insurance agency of QuikDraw's default and it was then forwarded to United States Fidelity and Guaranty ("USF&G"). The insurance company, USF&G, then filed this action seeking a federal declaratory judgment that the actions of QuikDraw, which were the genesis of the state claim, were not covered under a policy USF&G issued to QuikDraw in 2004. USF&G concluded that its commercial general liability policy issued to QuikDraw did not provide coverage for the default judgments because (1) the policy excluded coverage

for the "professional services" that formed the basis for the underlying claims and default judgments against QuikDraw; and (2) the failure to notify USF&G of the accident, the claims, the lawsuits or the default judgments until after the death of USF&G's insured constituted a material breach of the insurance policy, which substantially prejudiced USF&G

*Legal Analysis*

Both parties admit this Court has jurisdiction to decide the USF&G insurance coverage under the policy. Ms. Salazar, however, argues "that a district court is 'under no compulsion to exercise that jurisdiction, where the controversy may be settled more expeditiously in the state court.'" *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)." (Salazar Mot. p. 2). She maintains this Court should abstain or stay this matter pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976). *Colorado River* requires a more stringent analysis than *Brillhart* which is generally applied in insurance coverage situations such as that at bar. *United States v. City of Las Cruces*, 289 F.3d 1170, 1182-83 (10th Cir. 2002).

There is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *cf Horace Mann Ins. Co. v. Johnson By and Through Johnson*, 953 F.2d 575, 578 (10th Cir. 1991) (state ban on declaratory judgment regarding coverage does not limit federal court). Rather, this Court must weigh two

questions: (1) will a federal declaration of rights serve to clarify or settle the legal relations at issue; and (2) will a federal declaratory judgment afford relief in the dispute at issue. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994); *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1275 (10th Cir. 1989). In reviewing the first question, this Court can substitute the names and answer identically to the *Kunkel* court. "That the district court's construction of [QuikDraw's] policy limits clarifies the parties' legal relations and affords relief from the uncertainty surrounding [USF&G's] obligations is beyond doubt." 866 F.2d at 1276.

While the effect of a federal declaratory judgment on the underlying state claim is less clear, as in both *Kunkel* and *Mhoon*, there is little danger it will disturb the underlying proceeding. Indeed, in *Mhoon*, Judge Burciaga decided a core issue underlying the state case; *i.e.*, whether the shooting was intentional or negligent, and the Tenth Circuit found no abuse of discretion. The only likely effect of a decision on QuikDraw's coverage by USF&G would be on a settlement of the state case which could have a salutary effect. *See Kunkel*, 866 F.2d at 1276. Indeed, other circuits have held that a district court, when called upon to do so, is obliged to proceed in resolving the underlying insurance rights and obligations to advance the underlying state tort claims. *See, e.g., Continental Cas. Co. v. Advance Terrazzo & Tile Co.*, 462 F.3d 1002, 1007 (8th Cir. 2006); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 999 (8th Cir. 2005); *Gov't Employees Ins. Co.*, 133 F.3d at 1226 (*en banc*).

**O R D E R**

**For the above stated reasons, the motion of Francine Salazar seeking to dismiss or stay this action is DENIED.**

**SO ORDERED this 24th day of June, 2009.**

_____
**BRUCE D. BLACK**
**United States District Judge**